AYRES, Judge.
This is an action by plaintiff, Golda Mae Smith Taylor, for a separation from bed and board from defendant, Leonard Ray Taylor, on the grounds that his cruel treatment was of such a nature as to make their living together insupportable in that for six months prior to their separation defendant had continually verbally abused her and accused her of acts of infidelity and unfaithfulness. Defendant denied these allegations, and, by reconvention, demanded a divorce from plaintiff claiming that she was guilty of numerous acts of adultery.
After trial, there was judgment rejecting the demands of both plaintiff and defendant. From this judgment plaintiff appealed. Inasmuch as defendant neither appealed nor answered plaintiff’s appeal, the judgment rejecting his reconventional demand is now final.
Plaintiff contends that the trial court erred in applying the doctrine of comparative rectitude and in failing to grant her a separation because of defendant’s continuous cursing, abusing, and reviling of her as well as committing other acts of cruelty.
Counsel appears to be mistaken as to the basis of the judgment below. In arriving at the decision, the court stated that it was of the opinion “that both parties have failed to make proof required for the relief sought . . . . ” This language clearly indicates that the decision of the trial court was based on a failure of proof, not on comparative rectitude.
Only the uncorroborated testimony of plaintiff supports the position that she was forced by defendant’s cruelty to separate from him. Obviously, the court did not believe her uncorroborated testimony. Plaintiff testified that she had been accused of unfaithfulness and infidelity and had been cursed and abused. To us, the record discloses adequate reasons for discussions between the parties of indiscretions by plaintiff. Other than that defendant “cursed” and “abused” her, there was no testimony that plaintiff had been humiliated, embarrassed, or shocked, or that the language used was so intended or so treated by her.
As noted above, the trial court, after hearing and observing the witnesses as they were testifying, concluded that plaintiff had not established her case to a legal certainty by a clear preponderance of the evidence. We cannot conclude from the record before us that the trial court erred in finding that plaintiff failed to prove her case.
For the reasons assigned above, the judgment is affirmed at plaintiff-appellant’s costs.
Affirmed.